**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| YESENIA MARISOL POSADA ROMERO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN DIAMONDBACK CORRECTIONAL FACILITY, et al.,<br><br>Respondents. | ) | Case No. CIV-26-02962-JD |

# ORDER

Before the Court is the Petition for Writ of Habeas Corpus ("Petition") [Doc. No. 1] filed by Yesenia Marisol Posada Romero ("Petitioner"). Respondents filed a Response to the Court's show cause order conceding that the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) controls this Court's decision in this habeas action. [Doc. No. 8 at 1 & n.2].[1]

Upon consideration, and in accordance with the Tenth Circuit's decision in *Santillan Quiroz*, the Court grants in part Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226. The Court, however, declines to address Petitioner's remaining claims. *See Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445–46 (1988) ("A fundamental and longstanding principle of judicial restraint requires that

---

[1] In conceding that *Santillan Quiroz* controls, Respondents reserve their appellate rights. The Court also notes that the Supreme Court has granted certiorari in a Second Circuit case addressing the statutory question present here. *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *cert. granted sub nom.*, *Rhoney v. Barbosa da Cunha*, No. 26-104 (Oct. 1, 2026).

courts avoid reaching constitutional questions in advance of the necessity of deciding them. If no additional relief [beyond the statutory claim] would have been warranted, a constitutional decision would have been unnecessary and therefore inappropriate."); *see also* [Doc. No. 8 at 2] (same).

Consequently, the Court GRANTS the Petition [Doc. No. 1] in part and ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order or otherwise release Petitioner if Petitioner has not received a bond hearing within that period. A separate judgment will follow.

IT IS SO ORDERED this 26th day of October 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE